**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(RICHMOND)**



| | | |
|---|---|---|
| **DEANGELO JOHNSON** | § | |
| **PLAINTIFF,** | § | **CASE NO: 3:24-cv-00409-** |
| | § | **RCY** |
| **V.** | § | |
| | § | |
| **TRANSUNION LLC** | § | **JURY TRIAL DEMANDED** |
| **EXETER FINANCE LLC** | § | |
| **DEFENDANTS,** | § | |

<u>**AMENDED COMPLAINT**</u>

COMES NOW, the Plaintiff, and brings this Amended Complaint against the defendants as follows:

## I.    INTRODUCTION

1.  This action arises out of Defendants TRANSUNION LLC and EXETER FINANCE

LLC'S violations of the Fair Credit Reporting Act, 15 USC § 1681 (the FCRA),

which prohibits consumer reporting agencies (CRAs) and furnishers of information

to CRAs, from reporting information solely as to transactions or experiences between

consumer and person making report, from failing to provide a consumer with their

"Full Consumer File Disclosure", failing to report with maximum accuracy and

completeness as required, failing to conduct a reasonable investigation to determine

whether disputed information in a consumer's file is inaccurate, failing to provide a

consumer with the method of Defendants' reinvestigation procedure, and failing to promptly delete all information which cannot be verified

2. 15 USC § 1681n and § 1681o, grants a private right of action for consumers to bring against violators of any provision of the FCRA with regard to their credit. It applies to any person who "willfully or negligently fail to perform their duties upon notice of a dispute" and the private right of action is for "consumers to enforce the investigation and reporting duties imposed on furnishers of information." - *DiMezza v. First USA Bank, Inc.*. All Defendants have willfully and negligently failed to perform their duties by not complying with the FCRA as described herein.


## II.    JURISDICTION

3. Jurisdiction and venue of this Court arises under 15 USC § 1681 and 28 USC § 1391. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

4. This is an action for damages which exceed $25,000.00.


## III. PARTIES

5. Plaintiff Deangelo Johnson, (hereinafter "Plaintiff") is a natural person residing in Henrico County, Virginia.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 USC § 1681a(c).

7. Defendant Transunion is a consumer reporting agency as defined by 15 USC § 1681a(f) and conducts substantial and regular business activities in this District. Defendant Transunion is a Delaware entity registered to do business in the State of Virginia and may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 100 Shockoe Slip Fl 2, Richmond, VA 23223.

8. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as the term is defined under 15 USC § 1681(d) to third parties.

9. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Exeter Finance LLC is a person who furnishers information to consumer reporting agencies under 15 USC § 1681s-2 and may be served with process upon CORPORATION SERVICE COMPANY, the registered agent, at 100 Shockoe Slip Fl 2, Richmond, VA 23223.

## III. FACTS

11. Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully stated herein with the same force and effect as if the same were set forth at length herein.

12. Early in March of 2023, plaintiff was denied access to a credit card in the amount of $2,000.00 which prompted him to review his consumer report from Transunion. Upon review, he discovered more than several inaccuracies and incomplete fields of data on multiple accounts, including the Exeter Finance account.

13. Therefore, on March 30, 2023, Plaintiff sent a written request to all Defendants by certified mail, to conduct an investigation regarding the completeness and accuracy of the information, and if it could not be verified as accurate, promptly delete or block the information from the report.

14. Upon information and belief, Defendant Transunion promptly notified Defendant Exeter Finance LLC as required under 15 use § 1681s-2(b).

15. Within the time allotted by law, Plaintiff received reinvestigation results from Defendant Transunion that displayed some modifications to a few items, but expressed that a large majority of the disputed information had been verified with Exeter Finance LLC. However, Plaintiff was not provided with evidence of their investigation and specific verification of the account.

16. Consequently, Plaintiff then sent a second "dispute" on May 10, that included a request for another reinvestigation of the inaccurate information, proof of Identification, a request for the complete consumer file disclosure, and a request for and explanation of the method of verification. It was sent Certified Mail, return receipt requested, and was received by Transunion on May 27.

17. Upon information and belief , Defendant Transunion notified Defendant Exeter Finance LLC as required under 15 use § 1681s-2(b).

18. Defendant Transunion did not otherwise respond to this request.

19. On June 22, Plaintiff sent a third dispute to Defendant Transunion; It included all of the previous documentation, A CFPB complaint detailing the entire process, and actual copies of the credit reports in question with highlights and markings displaying and describing the errors present so that they might be corrected.

20. On June 7, Defendant Transunion responded verifying the disputed information.

21. Upon information and belief, Defendant Transunion notified Defendant Exeter Finance LLC.

22. Defendant Exeter Finance did not respond.

23. Since the receipt of the June 7 reinvestigation results, the discrepancies within still remain up until the date of this filing.

**IV. CAUSES OF ACTION**

24. All above paragraphs are re-alleged as though fully set herein.

***VIOLATION OF 15 USCC §1681i(a)(7), WILLFUL NON-COMPLIANCE BY ALL DEFENDANTS***

25. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

26. Defendant Transunion is a consumer reporting agency within the meaning of 15 USC §1681a(f).

27. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

28. Defendants failed to provide Plaintiff with a description of reinvestigation procedures as required under 15 USC §1681i(a)(7): "A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

29. Upon information and belief, Defendants were aware of this obligation under the FCRA.

30. Defendants were undisputedly notified by Transunion of their failure to meet their obligation under the FCRA.

31. Defendants have thus willingly failed to comply with the requirements under the FCRA.

32. Plaintiff has directly been damaged by Defendants' actions.

## _VIOLATIONS OF 15 USC §1681i(a)(1)(A) and 15 USC §1681E(b), WILLFUL NON-COMPLIANCE BY ALL DEFENDANTS_

33. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

34. Defendant Transunion is a consumer reporting agency within the meaning of 15 USC §1681a(f).

35. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

36. Defendants failed to conduct a reasonable investigation since it failed to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letter.

37. Had Defendants done a proper investigation or taken the time to evaluate or consider any of the information, claims or evidence provided by the Plaintiff it would have revealed that:

38. There is no date of First Delinquency reporting for the account as required by the FCRA.

39. It is inaccurate for Defendants to report that the account would be on record until April 2029, while separately indicating on the Experian report that it would be on record until January 2029.

40. It is inaccurate and misleading to report the account as an auto loan; The transaction is categorized as a Credit Sale, and a retail installment contract. *-See https:// www.consumerfinance.gov/ask-cfpb/what-is-a-retail-installment-sales-contract-or-agreement-is-this-a-loan-en-817/ #:~:text=A%20retail%20installment%20sales%20contract%20agreement%20is%20 slightly%20different%20from,to%20the%20agreement%20after%20signing.*

41. The Date Closed shows a date of July 31, 2023; An obvious inaccuracy.

42. The high balance is reporting as $21,000.00 while simultaneously reporting a current account balance of $23,208.00

43. The Payment History grid (Balance, Past Due, Amount Paid, Scheduled Payment) is totally incomplete. 19 out of the 21 displayed months have data fields with no payment data available.

44. The last payment date is "04/14/2022/" But the amount of the payment erroneously says zero dollars.

45. A payment of $1,693.00 is reported as being made in September 2023; This is false, a payment was never made for that amount at that time. Even if it was correct, the balance on the account does not properly reflect a credit of that amount. Even if that was correct, by Defendants' own statements (via the report) a payment would be impossible as the account had been "closed" in July of that year.

46. The account number is inaccurate and includes special characters violation of the FCRA and the Metro 2 industry standard.

47. The terms of the account is erroneously presented as zero dollars a month for 72 months.

48. Not only did Defendants fail to correct or delete the account for these types of errors being present, they also verified the account as COMPLETE AND ACCURATE on three individual occasions.

49. Upon information and belief, Defendants are aware of their duty to assure reports contain information that is maximally complete and accurate under the FCRA.

50. It is undisputed that Defendants were notified by Transunion on multiple occasions of their failure to maintain maximum possible accuracy when gathering and disseminating Plaintiff's information.

51. Defendants' conduct was "reckless" in that the action of leaving incomplete and inaccurate information of Plaintiff's consumer report would entail "an unjustifiably high risk of harm that is either known or so obvious that it should be known".

52. Defendants have thus willfully failed to comply with the requirements of the FCRA.

53. Plaintiff has been directly damaged as a result of Defendants' actions.

## *VIOLATION OF 15 §USC 1681a(d)(2)(A), WILLFUL NON-COMPLIANCE BY ALL DEFENDANTS*

54. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

55. Defendant Transunion is a consumer reporting agency within the meaning of 15 USC §1681a(f).

56. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

57. Defendants have included information on Plaintiff's consumer report that should be excluded: "The term "consumer report" does not include… report containing information solely as to transactions or experiences between the consumer and the person making the report"

58. The FCRA does not define "transactions" or "experiences" therefore Merriam-Webster Dictionary has been referenced for clarification.

Experience-    A. Direct observation of or participation in events as a basis of knowledge

B. The fact or state of having been affected by or gained knowledge through direct observation or participation

Transaction-  A. ..An exchange or transfer of goods, services, or funds

              B. A communicative action or activity involving two parties or things that

reciprocally affect or influence each other

59. Therefore, the inclusion of Plaintiff's private transactional history, including late/on

    time payments, payment amounts and balances, and other specific financial activities

    related to the account in the consumer report is a prohibited act.

## *VIOLATION OF THE FCRA 15 USC §1681g(a)(1), WILLFUL NON-COMPLIANCE*

## *BY ALL DEFENDANTS*

60. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

61. Defendant Transunion is a consumer reporting agency within the meaning of 15 USC

    §1681a(f).

62. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

63. Defendants failed to comply with Plaintiff's requests for all information in a

    consumer's file pursuant to 15 USC §1681g(a)(1)

## *V. DAMAGES*

64. All above paragraphs are re-alleged as though fully set herein.

## *TRANSUNION*

65. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

66. Defendant Transunion is a consumer reporting agency within the meaning of 15 USC

    §1681a(f).

67. Transunion violated 15 USC §1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

68. Transunion was aware of these duties under the FCRA and were undisputedly notified of their failure to meet said obligations on multiple occasions.

69. Transunion's failure to meet these duties entailed "an unjustifiably high risk of harm that is either known or so obvious that it should be known."

70. Transunion has thus willfully and recklessly failed to comply with the FCRA. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff

   b.  Failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after reasonable request by Plaintiff

   d.  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate

   e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate

    f.  The failure to promptly delete information that was found to be inaccurate or could not be verified

    g.  Failure to take adequate steps to verify information Transaction had reason to believe was inaccurate before including it in the credit report of the consumer.

71. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, higher interest rates, a damper on future applications for credit, and the mental and emotional pain, anguish humiliation and embarrassment of credit denial.

72. One particular denial, a $2,000.00 line of credit from Merrick Bank, was specifically cited to be caused in large part by inaccurate information provided by Defendants.

73. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual and punitive damages in an amount to be determined by a court pursuant to 15 USC §1681(n).

74. Plaintiff is also seeking statutory damages in the amount of up to $1000.00 per violation.

### *EXETER FINANCE LLC*

75. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

76. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

77. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in reinvestigations conducted by the agencies when consumers

dispute the accuracy and completeness of information contained in a consumer credit report.

78. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

79. A reasonable investigation would require a furnisher such as Defendant Exeter Finance LLC to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

80. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

81. Defendant Exeter Finance LLC was aware of its duties and requirements under the FCRA.

82. Upon information and belief, Defendant Exeter Finance LLC was notified by Transunion on at least three (3) occasions that plaintiff disputed specific items on his Consumer report Including:

   A. There is no date of First Delinquency reporting for the account as required by the FCRA.

B. It is inaccurate for Defendants to report that the account would be on record until April 2029, while separately indicating on the Experian report that it would be on record until January 2029

C. The Date Closed shows a date of July 31, 2023; An obvious inaccuracy.

D. The high balance is reporting as $21,000.00 while simultaneously reporting a current account balance of $23,208.00

E. The Payment History grid (Balance, Past Due, Amount Paid, Scheduled Payment) is totally incomplete. 19 out of the 21 displayed months have data fields with no payment data available.

F. The last payment date is "04/14/2022/" But the amount of the payment erroneously says zero dollars.

G. A payment of $1,693.00 is reported as being made in September 2023; This is false, a payment was never made for that amount at that time. Even if it was correct, the balance on the account does not properly reflect a credit of that amount. Even if that was correct, by Defendants' own statements (via the report) a payment would be impossible as the account had been "closed" in July of that year.

H. The account number is inaccurate and includes special characters violation of the FCRA and the Metro 2 industry standard.

I. The terms of the account is erroneously presented as zero dollars a month for 72 months.

83. The Defendant Exeter Finance LLC violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

84. As a result of the conduct, action and inaction of the Defendant Exeter Finance LLC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

85. The decision to not conduct a reasonable investigation and to leave incomplete and inaccurate information on Plaintiff's consumer report entailed "an unjustifiably high risk of harm that is either known or should be known."

86. The conduct, action and inaction of Defendant Exeter Finance LLC was willful, rendering Defendant Exeter Finance LLC liable for actual, statutory and punitive damages in an amount to be determined by a court pursuant to 15 U.S.C. § 1681n.

87. WHEREFORE, Plaintiff, Deangelo Johnson, an individual demands judgement in his favor against Defendants for damages and costs of bringing suit.

### VI. RELIEF SOUGHT

88. Plaintiff demands the court immediately order all Defendants to permanently remove all reference to the accounts from Plaintiff's consumer credit file and provide Plaintiff with full consumer file disclosure.

### VII. PRAYER FOR DAMAGES

89. WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff, pursuant to the FCRA as follows:

90. A monetary penalty of $1,000.00 per violation as provided by Federal Law.

91. Relief in the form of a monetary payment of $2,000.00 for the loss of access to a new extension of credit from creditor Merrick Bank.

92. Award Plaintiff the costs of bringing this action, compensation for wasted time and energy, emotional distress, as well as other and additional relief as the Court may determine to be just and proper. See *Guimond v. Trans Union Credit Information Company,* 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or out-of-pocket loss, may recover actual damages for the mere injury to reputation or creditworthiness caused by the delinquencies appearing on credit report.) and *Gertz v. Robert Welsh, Inc.,* 418 U.S. 323 (1974) *cf.Jorgeson v.TRW Inc.,* C.A. No. 96-286 (D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.,* U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.,* 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale,* 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. ofAm. V. Burr,* 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).

93. A successful FCRA plaintiff is entitled to a damage award that varies depending on the willfulness of the breach. *See Rambarran v. Bank of America, N.A., 609 F. Supp. 2d at 1258.*

94. Recovery for a negligent violation of FCRA is limited to the amount of actual damages and attorneys' fees and costs. *See* 15 USC §1681o. "If the breach is willful, however the plaintiff is entitled to recover either actual damages or statutory damages (from $100-$1000), whichever is greater, in addition to attorneys fees and costs." *Rambarran,* supra, at 1258. The Court may also impose punitive willful violation of FCRA. *See* 15 USC §1681n."Construed literally, the text of the FCRA would seem to impose liability… regardless of the accuracy of the underlying information.. if the furnisher did not conduct a proper investigation after receiving notice of a dispute." *Davidson v. Capital One,* No. 14-20478-CI\T, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014).


Plaintiff also respectfully requests the Court grant any such further relief at law or equity which he is justly entitled.

Respectfully submitted,

Date 7/16/2024

By: */s/ Deangelo Johnson.*
    Deangelo Johnson
    2005 Binford ln
    Richmond. VA 23223
    (804) 306-3605
    dcjinfinity@icloud.com

## Certificate Of Service

I hereby certify that a true copy of the forgoing complaint was sent electronically, via email to the following:

EXETER FINANCE LLC c/o CORPORATION SERVICE COMPANY 100 Shockoe Slip Fl 2, Richmond,VA 23219 - 4100, USA 7022 0410 0000 3792 2874

twtorain@polsinelli.com, mcabrera@polsinelli.com, ehayes@polsinelli.com

TRANSUNION LLC c/o CORPORATION SERVICE COMPANY 100 Shockoe Slip Fl 2, Richmond, VA 23219 - 4100, USA.  7022 0410 0000 3792 2867

kpietrzak@qslwm.com