IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DEANGELO JOHNSON,<br>    Plaintiff,<br><br>         v.<br><br>TRANSUNION LLC, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   Civil Action No. 3:24CV409 (RCY)<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION

Plaintiff Deangelo Johnson, proceeding *pro se*, brought this suit against Defendants Transunion LLC ("Transunion") and Exeter Finance LLC ("Exeter") for damages resulting from Defendants' alleged violations of the Fair Credit Reporting Act (FCRA). The case is before the Court on Exeter's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 13. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion to Dismiss.

### I. BACKGROUND[1]

In March 2023, Plaintiff was denied access to a credit card, which prompted him to review his consumer report from Defendant Transunion. Am. Compl. ¶ 12, ECF No. 12. Upon review, he discovered several inaccuracies and incomplete fields of data on multiple accounts, including the Exeter Finance account operated by Defendant Exeter. *Id*. On March 30, 2023, Plaintiff sent

---

[1] When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or the plaintiff's legal conclusions. *Id.* Applying these standards, the Court construes the facts in the Complaint as follows.

a written request to Defendants, asking that they conduct an investigation regarding the completeness and accuracy of the information reported. *Id.* ¶ 13.

Plaintiff thereafter received reinvestigation results from Defendant Transunion that displayed some modifications but otherwise expressed that the remaining disputed information had been verified with Exeter. *Id.* ¶ 15. Plaintiff then sent a second dispute to Transunion on May 10, requesting another reinvestigation and various other actions. *Id.* ¶ 16. Transunion did not respond to this second request. *Id.* ¶ 18. On June 22, 2023, Plaintiff sent a third dispute to Transunion, *id.* ¶ 19; Plaintiff received a response from Transunion on June 7,[2] verifying the disputed information, *id.* ¶ 20.

Plaintiff alleges "[u]pon information and belief" that Transunion notified Exeter of each of the follow-up disputes Transunion received from Plaintiff. *Id.* ¶¶ 17, 21. Plaintiff received no independent response(s) from Exeter. *Id.* ¶ 22.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint was docketed on June 5, 2024, after Plaintiff was granted leave to proceed *in forma pauperis*. *See* Order, ECF No. 2. Defendant Exeter timely filed a Motion to Dismiss on June 26, 2024, ECF No. 7. Plaintiff then filed an Amended Complaint as a matter of course on July 16, 2024, ECF No. 12, mooting the pending Motion to Dismiss, *see* Order, ECF No. 15. Exeter accordingly filed the instant Motion to Dismiss Amended Complaint, ECF No. 13, with a Memorandum in Support thereof attached, ECF No. 13-1. Plaintiff timely filed a Response

---

[2] It is unclear if Plaintiff intended to type June 7 (as appears in the Complaint), in which case this would suggest a response to Plaintiff's second dispute of May 20, 2023, or if—as the otherwise chronological nature of Plaintiff's allegations would suggest, Plaintiff intended to type July 7, suggesting that the response was in fact to Plaintiff's third dispute. Because at this stage the Court must accept as true all facts alleged on the face of the Complaint, *Philips*, 572 F.3d at 180, the Court will use the June 7 date that appears, despite its reservations about such date's accuracy. It bears noting, however, that the possible discrepancy does not affect the Court's substantive analysis.

in Opposition to the Motion to Dismiss, ECF No. 16, and Exeter timely filed its Reply, ECF No. 17.

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their res judicata effect. *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.* And although a *pro se* complaint is "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), such deference "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). Nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023).

## IV. DISCUSSION

Plaintiff alleges that Defendants violated the following provisions of the FCRA:  15 U.S.C. § 1681i(a)(7) (Count I[3]), Am. Compl. ¶¶ 25–32; 15 U.S.C. §§ 1681i(a)(1)(A) and 1681E(b) (Count II), *id.* ¶¶ 33–53; 15 U.S.C. § 1681a(d)(2)(A) (Count III), *id.* ¶¶ 54–59; and 15 U.S.C. § 1681g(a)(1) (Count IV), *id.* ¶¶ 60–63.  However, Plaintiff also alleges throughout the Amended Complaint that Exeter is a "furnisher" for purposes of the FCRA, i.e., "a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2." *See id.* ¶¶ 10, 27, 35, 56, 62.  In its Motion to Dismiss, Exeter primarily argues that Plaintiff's claims against Exeter fail as a matter of law because Exeter is a "furnisher" for purposes of the FCRA, yet Plaintiff attempts to assert claims against Exeter based on sections of the FCRA that are applicable only to credit reporting

---

[3] Although Plaintiff does not number the counts in his Amended Complaint, they are discretely laid out, and so the Court assigns its own numbering (I–IV) based on the order in which they appear.

agencies. Mem. Supp. Mot. Dismiss (hereinafter, "Mem. Supp.") 1, ECF No. 13-1. Exeter additionally argues that any other claims that could be inferred from Plaintiff's allegations fail as insufficiently pleaded as a matter of law. *Id.* Thus, Exeter seeks dismissal of the Complaint in its entirety as to Exeter. As discussed in detail below, the Court agrees that Plaintiff has failed to state a viable claim against Exeter.

### A. Furnisher Liability Does Not Extend to Counts I–IV

The Court need not expend much ink on this issue. In his Response in Opposition to the Motion to Dismiss, Plaintiff concedes that, "as a furnisher under the FCRA, Exeter is not subject to claims that apply to Credit Reporting Agencies," i.e., the claims Plaintiff levels in Counts I–IV. Resp. Opp'n Mot. Dismiss (hereinafter, "Resp. Opp'n") 2, ECF No. 16. Based on this concession, Plaintiff withdrew "any such . . . claims with respect to Exeter." *Id.*

The Motion to Dismiss will be accordingly be granted as to Counts I–IV.

### B. Plaintiff Plausibly Alleges Facts to Support a Section 1681s-2 Claim

Although furnishers are not subject to liability pursuant to the FCRA provisions Plaintiff explicitly cited in the "Causes of Action" section of his Amended Complaint, they may be subject to private suit pursuant to 15 U.S.C. § 1681s-2(b) for failing to conduct a reasonable investigation into a consumer's claims after they have received notice from a credit-reporting agency that the consumer has disputed the accuracy of any information reported by the furnisher. *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). In his "Damages" section, Plaintiff does allege that Exeter "violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same[; and] by failing to correctly report results of an accurate investigation to the credit reporting agencies." Am. Compl. ¶ 83. Because the Court must construe *pro se* complaints liberally, *Pardus*, 551 U.S. at 94, the Court will analyze this as an independent claim asserted against Defendant, despite its

reference outside of the otherwise-identified "Causes of Action." Further, despite Plaintiff's general citation to § 1681s-2, the Court construes this as an effort to assert a claim under § 1681s-2(b), as § 1681s-2(a) does not create a private right of action. § 1681s-2(d); *see also Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 149 (4th Cir. 2008) (The "FCRA explicitly bars private suits for violations of § 1681s-2(a) . . . .").

To state a claim under Section 1681s-2(b), a plaintiff must plead that: (1) the furnisher provided inaccurate information; (2) the plaintiff notified the consumer reporting agency of the disputed information; (3) the consumer reporting agency notified the defendant furnisher of the dispute; and (4) the furnisher then failed to reasonably investigate and modify the inaccurate information. *See Saunders*, 526 F.3d at 149. As to the first prong, a furnisher violates the FCRA by reporting information that "create[s] a materially misleading impression." *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 854 (E.D. Va. 2017) (citing *Saunders*, 526 F.3d at 148). With respect to the fourth prong, the reasonableness of an investigation "is [typically] a factual question reserved for trial." *Cf. Aviles v. Equifax Info. Servs.*, 521 F. Supp. 2d 519, 523 (E.D. Va. 2007) (stating that "[s]ummary judgment is proper . . . if the reasonableness of the defendant's procedures is beyond question").

Here, Defendant argues that Plaintiff recites only a conclusory "laundry list" of items that he disputed on his consumer report but otherwise fails to explain how those items constitute inaccurate information or information that creates a materially misleading impression. Mem. Supp. 8–9. In response, Plaintiff argues that the inaccuracies he identified in the Amended Complaint are "self-explanatory," and thus his allegations are sufficient. Resp. Opp'n 2–3. On this issue, the Court agrees with Plaintiff.

Although Defendant argues that Plaintiff's conclusory allegations fail to support an inference of materiality with respect to the alleged inaccuracies or otherwise to state a claim, the

6

Court disagrees. Based on the inaccuracies alleged, *see* Am. Compl. ¶¶ 82A–I, it is not implausible that the information was "'misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect." *Dalton v. Cap. Assoc'd Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (alteration in original) (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Thus, because Plaintiff at this stage need only make a plausible showing that an item in his credit report was inaccurate or incomplete, the Court finds that he has satisfied the first prong of a § 1681s-2(b) claim.

Turning to the remaining aspects of a § 1681s-2(b) claim, Plaintiff clearly alleges facts to support the second and third prongs, and those are not disputed. Finally, as to the fourth prong, i.e., the reasonableness of Defendant's investigation, Plaintiff's allegations do border on conclusory. Nevertheless, the identified inaccuracies in the reported information weigh in favor, at this stage, of Defendant having failed to conduct a reasonable investigation, as Plaintiff alleges. *Cf. Tieffert v. Equifax Info. Servs., LLC*, 2014 U.S. Dist. LEXIS 175546, at *10 (E.D. Va. Dec. 19, 2024) ("Although the accuracy of the reported information may weigh in favor of Nationstar having conducted a reasonable investigation, accuracy is not dispositive of Plaintiff's FCRA claim."). The factual question of the true reasonableness of Defendant's investigative efforts may properly be reserved for a later stage in the litigation. *Aviles*, 521 F. Supp. 2d at 523. At this stage, Plaintiff has pled facts sufficient to allege a plausible violation of § 1681s-2(b) of the FCRA by Exeter.

## C. Plaintiff Fails to Allege Actual, Concrete Harm or Risk Thereof

Despite having plausibly alleged facts to support a § 1681s-2(b) claim, Plaintiff fails to allege facts to support a plausible inference that Defendant's alleged violation resulted in damages or other harm or created a material risk of harm to Plaintiff. "Even where a defendant has violated a right granted to a plaintiff by statute, the harm alleged must still meet Article III standing

7

requirements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). In the credit reporting context, the Supreme Court has stated that "not all inaccuracies cause harm or present any material risk of harm." *Id.* at 342. Where there is no concrete harm or material risk thereof, a plaintiff lacks standing.[4] *Id.* at 341 ("[A] bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III."). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing, *id.* at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)), i.e., that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant; and[,] (3) that is likely redressable by a favorable judicial decision," *id.* Here, Defendant challenges whether Plaintiff has adequately alleged an injury in fact. Mem. Supp. 9–11. The Court finds that Plaintiff has not done so.

In the Amended Complaint, Plaintiff baldly alleges that, as a result of Defendant's actions and inaction, he "suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial." Am. Compl. ¶ 84. Plaintiff offers no factual allegations to support this conclusory listing of damages, however,[5] not even the "minimal

---

[4] Generally, challenges to standing fall under Rule 12(b)(1), which allows a movant to challenge subject matter jurisdiction. Although Defendant raised this issue within the context of a Rule 12(b)(6) motion for failure to state a claim, the Court will review Defendant's assertion through the correct 12(b)(1) lens. *See Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009) (noting that the district court re-characterized a defendant's challenge to standing from a motion to dismiss for failure to state a claim under Rule 12(b)(6) to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)). Because Defendant's challenge here is facial, i.e., arguing that the allegations in the complaint, even taken as true, fail to support standing, the Court may do so without converting the motion into one for summary judgment, because in such a challenge "the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

[5] The Court acknowledges that, earlier in the Complaint, Plaintiff alleged that he was denied credit in the amount of $2,000 in March of 2023. Am. Compl. ¶¶ 12, 72. This lone instance of actual injury pre-dated any requests for investigation and correction submitted to Defendant, however, and thus could not be the result of Defendant's subsequent alleged failure to reasonably investigate Plaintiff's dispute. Nor can the Court find or plausibly infer from this single allegation that Plaintiff faced a concrete risk of similar, future injury that is "fairly traceable to" Defendant's alleged failure(s), *Spokeo*, 578 U.S. at 338, particularly when Plaintiff concedes that Defendants did make certain corrections to his credit report after receiving his first dispute, Am. Compl. ¶ 15.

details" that have allowed other courts in this District to find sufficient to state an injury in fact. *E.g.*, *Jarrett v. Experian Info. Sols.*, 2021 U.S. Dist. LEXIS 70570, at *13–14 (E.D. Va. Apr. 12, 2021) (plaintiff alleged, *inter alia*, that he was "was denied consumer credit to buy a Christmas present for his son"); *Gerena v. Freedom Mortg. Corp.*, 2024 U.S. Dist. LEXIS 41446, at *18–20 (E.D. Va. Mar. 8, 2024) (plaintiff alleged sufficient "minimum details" regarding her "various forms of mental and emotional distress"); *see also Sloane v. Equifax Info. Servs.*, 510 F.3d 495, 500 (4th Cir. 2007) (noting that, "[n]ot only is emotional distress fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims[,]" and thus plaintiffs are required to "reasonably and sufficiently explain the circumstances of [the] injury and not resort to mere conclusory statements." (alterations in original) (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1250–51 (4th Cir. 1996))). And while Plaintiff attempts to bolster the allegations in the Amended Complaint with additional information provided in his Response in Opposition, a plaintiff may not constructively amend his complaint through briefing. *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").[6]

Based on the foregoing, the Court finds that Plaintiff has failed to allege sufficient facts to support a plausible finding of concrete injury or material risk thereof, and thus he has failed to

---

[6] Plaintiff also argues that the Court should not dismiss his claims "based on a technicality that is inconsistent with U.S. Supreme Court caselaw." Resp. Opp'n 6. However, in seeking lenient treatment, Plaintiff relies on the 12(b)(6) standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). The *Conley* standard has been significantly curtailed by subsequent caselaw, however, specifically the U.S. Supreme Court cases of *Bell Atlantic Corp. v. Twombley* and *Ashcroft v. Iqbal*, both cited *supra* Part III (setting out the applicable legal standard). As previously recited, the presently controlling 12(b)(6) standard—which, again, applies with equal force to facial challenges to subject matter jurisdiction, *see supra* n.4—requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

satisfy the requirements of injury in fact. *See Reimer v. LexisNexis Risk Sols., Inc.*, 2022 U.S. Dist. LEXIS 165824, at *27–30 (E.D. Va. Sept. 13, 2022) (stating that "[m]ere boilerplate claims with no detail do not suffice to satisfy the requirements for injury-in-fact" and similarly finding that the plaintiff's threadbare allegations of harm were insufficient to confer standing; also collecting cases). Because this essential element of standing is lacking, the Court lacks subject matter jurisdiction over the case, and it must be dismissed on that ground.

### D. Implications of Standing Conclusion

Because the Court finds that Plaintiff has failed to allege injury in fact, it does not reach Defendant's final argument in its Motion to Dismiss, that Plaintiff failed to allege a willful violation of the FCRA. Mem. Supp. 11–12.

One additional implication of the Court's standing determination is that, although Defendant Transunion did not raise a standing challenge to the Amended Complaint, *see* Transunion Answer, ECF No. 14, the Court's conclusion in that regard applies with equal force to Plaintiff's claims against Transunion. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject matter jurisdiction . . . may be raised . . . by a court on its own initiative, at any stage in the litigation . . . ."). This is so given that the conclusion was reached based on a holistic assessment of all factual allegations present in the Amended Complaint, and Plaintiff does not provide any additional facts specifically supportive of his equally bald claims for damage and harm as a result of Transunion's actions and inaction. Am. Compl. ¶ 71; *see generally id.* Thus, although the matter is before the Court on a Motion to Dismiss from Exeter alone, the Court must dismiss the Amended Complaint against both Defendants, for lack of subject matter jurisdiction.

## V. CONCLUSION

For the reasons detailed above, Defendant Exeter's Motion to Dismiss (ECF No. 13) will be granted. The Amended Complaint will be dismissed as to all Defendants, without prejudice, for facial lack of subject matter jurisdiction based on Plaintiff's lack of Article III standing. Out of deference to Plaintiff's *pro se* status, however, the Court will grant him leave to amend before dismissing the action. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile).[7]

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: March 17, 2025
Richmond, Virginia

---

[7] The Court opts to give Plaintiff leave to amend because, although he has not formally moved for such leave, he did plainly endeavor to constructively amend his complaint by way of the new allegations added in his Response in Opposition to the Motion to Dismiss. *Cf. King*, 825 F.3d at 225 (noting that dismissal without prejudice would be appropriate where the *pro se* plaintiff *did not* seek leave to amend).